PER CURIAM.
Appellant, Edward B. Driskell, an inmate in the custody of the Florida Department *192 of Corrections, filed a petition for writ of mandamus challenging the department’s denial of provisional credits under section 944.277, Florida Statute (1989). Appellant argued that the denial of provisional credits based on retroactive application of section 947.146, Florida Statutes, which became effective September 1, 1990, constituted an ex post facto application of the law.
The trial judge, in denying the petition for writ of mandamus, correctly determined that application of section 947.146 to appellant did not constitute an ex post fac-to application of the law. As the supreme court recognized in Dugger v. Rodrick, 584 So.2d 2 (Fla.1991), cert. denied, — U.S. -, 112 S.Ct. 886, 116 L.Ed.2d 790 (1992):
[T]he eligibility and receipt by a prisoner of provisional credits for prison overcrowding, regardless of what they are called, is in no way tied to overall length of sentence. The need for and application of such awards are contingent upon many variables that contribute to prison overcrowding. There is no relationship to the original penalty assigned to the crime at the time it was committed nor to the ultimate punishment meted out. The sole purpose of the early-release statutes is to provide a temporary mechanism to alleviate the administrative crisis created by prison overcrowding while continuing to protect the public from violent offenders. The statutes, procedural in nature, are not directed toward the traditional purposes of punishment.
... A retrospective law that alters procedural rather than substantive matters is not an ex post facto law, even though it may work to the disadvantage of the prisoner.
584 So.2d at 4.
AFFIRMED.
ERVIN, BARFIELD and WEBSTER, JJ., concur.